IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JADEN SHAW, | ) |
| Plaintiff, | ) Civil Action No. 23-1954 |
| v. | ) District Judge Christy Criswell Wiegand |
| | ) Magistrate Judge Maureen P. Kelly |
| COUNTY OF FAYETTE EMPLOYEES, CLYDE BRANSON *LT. AT COUNTY PRISON;* JOHN LANKY *WARDEN OF FAYETTE COUNTY PRISON*; ANGELA KERN *DIRECTOR OF INMATE WELFARE*; FAYETTE COUNTY COMMISSIONERS, | ) Re: ECF No. 8 |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 8, be dismissed for failure to prosecute.

**II.    REPORT**

**A.    PROCEDURAL BACKGROUND**

Plaintiff Jaden Shaw ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset"). In this action, Plaintiff asserts that his Eighth Amendment rights were violated when he was confined at the Fayette County Prison and the Defendants house him with inmates who had previously threatened his safety. ECF No. 8 at 12-13. Plaintiff alleges that as a result of the Defendants' actions, he was assaulted and injured. Id. at 13.

On June 18, 2024, Defendants Clyde Branson, Fayette County Commissioners, Angela Kern, and John Lanky filed a Motion to Dismiss and a brief in support. ECF Nos. 32 and 33. Plaintiff was ordered to file a response to the Motion to Dismiss by July 22, 2024. ECF No. 34. On July 3, 2024, Plaintiff filed a Motion for Extension of Time to file a response to the Motion to Dismiss. ECF No. 35. For good cause shown, the Court granted Plaintiff an extension of time until August 22, 2024 to file a response. ECF No. 36. To date, Plaintiff has not filed his response.

On September 6, 2024, this Court issued an Order to Show Cause directing Plaintiff to show cause why this case should not be dismissed based on his failure to respond to the Motion to Dismiss. ECF No. 40. Plaintiff was ordered to respond to the Order to Show Cause by September 24, 2024. To date, Plaintiff has not responded.

**B.     ANALYSIS**

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record.

See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n. 1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). In the instant case, because Plaintiff is proceeding *pro se*, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. See, e.g., Colon v. Karnes, No. 11-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale

3

Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, this factor weighs against Plaintiff given because the "continued failure to communicate with the Court and continued inaction [therefore] frustrates and delays resolution of this action." See Mack v. United States, No. 17-1982, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). Thus, this factor weighs in favor of dismissal.

The third Poulis factor, "history of dilatoriness," also weighs against Plaintiff. This is the second Order to Show Cause issued in this matter. ECF Nos. 5, 40. This factor weighs in favor of dismissal.

The fourth Poulis factor concerns the willfulness of the dilatory party's conduct, which "involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Plaintiff is unable to respond to Court orders. Thus, his failure to comply with the Court's orders appears willful and, as such, weights in favor of dismissal.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the Plaintiff is indigent. See, e.g., Brennan v. Clouse, No. 11-146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. Mack, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support

4

recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, the Court cannot evaluate the potential merits of Plaintiff's claims because he has failed to respond to the deficiencies outlined in Defendants' Motion to Dismiss. This factor is treated as neutral.

On balance, the Court concludes that at least five of the six Poulis factors support dismissal, with the remaining factor (the merits of Plaintiff's claims) not weighed against nor in favor of dismissal. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the sanction of dismissal is clearly supported by the Poulis factors.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: October __/__, 2024          BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

5

cc:     The Honorable Christy Criswell Wiegand
       United States District Judge

       JADEN SHAW
       QP2679
       SCI SOMERSET
       1590 Walters Mill Road
       Somerset, PA 15510-0001

       All counsel via CM/ECF